UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| DUSTIN WAYNE DAVIS ) | |
| ) | |
|    *Petitioner*, ) | |
| ) | |
| v. ) | No. 3:06-cv-338 |
| ) | *Phillips* |
| ) | |
| HOWARD CARLTON, Warden ) | |
| ) | |
|    *Respondent*. ) | |

## MEMORANDUM OPINION

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent, and petitioner's response thereto. For the following reasons, the motion to dismiss [Court File No. 10] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Dustin Wayne Davis ("Davis") challenges his 1998 Knox County convictions for aggravated robbery, aggravated rape (two counts), especially aggravated kidnaping, and theft. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of the opinions the Tennessee appellate courts, as well as petitioner's post-conviction petition. [Attachments 1-3 to motion to dismiss].

Davis was convicted by a jury of the aforementioned charges and received an effective sentence of 100 years. His convictions and sentence were affirmed on direct appeal. *State v. Davis*, No. 03C01-9712-CR-00543, 1999 WL 135054 (Tenn. Crim. App. March 15, 1999), *perm. app. denied, id.* (Tenn. October 11, 1999) [attachment 1].

Davis next filed a petition for post-conviction relief [attachment 2], which was denied after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Davis v. State*, No. E2004-01394-CCA-R3-PC, 2005 WL 1661723 (Tenn. Crim. App. July 14, 2005), *perm. app. denied, id.* (Tenn. December 7, 2005) [attachment 3]. Davis filed the pending habeas corpus petition on August 22, 2006.[1] The respondent moves to dismiss the petition based upon the statute of limitation.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

---

[1]The petition was received by the Clerk's Office on August 24, 2006. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on August 22, 2006. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

Davis' conviction became final on January 9, 2000, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal).

Davis' state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. The post-conviction petition was filed on October 11, 2000, at which time 276 days of the one-year statute of limitation had elapsed, leaving only 89 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on December 27, 2005, and the statute of limitation resumed running on that date. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) (statute of limitation is not tolled during the pendency of a petition for certiorari to the U.S. Supreme Court); *Dunlap v. State*, No. E2001-00189-CCA-R3-PC, 2001 WL 1231507 *3 (Tenn. Crim. App. October 12, 2001), *perm. app. denied, id.* (Tenn. May 6, 2002) (state court decision becomes final on the date the Tennessee Supreme Court either files its opinion or denies permission to appeal; the 30 days after judgment for the mandate to issue does not apply to toll a statute of limitation).

As noted, Davis had 89 days, or until March 26, 2006, to seek federal habeas corpus relief. Davis' habeas corpus petition was not filed until August 22, 2006. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

In his response to the motion to dismiss, Davis claims his habeas petition was timely filed. Davis apparently contends that he had one year from the date the Tennessee Supreme Court denied his application for permission to appeal from the denial of post-conviction relief. As the Sixth Circuit noted in *Payton v. Brigano*, however, a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation. 256 F.3d at 406.

The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

      **AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
    United States District Judge